FILED

Jelyse Langston-Thomas
14626 Red Gum St.
Moreno Valley, CA 92555
Jplt1913@gmail.com

2012 DEC -7  AM 10: 17

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Jelyse Langston-Thomas )
*Plaintiff* )
 )
 ) ED CV12-2127 VAP(DTBx)
V. )
 ) **COMPLAINT**
American Agencies, LLC/ )
NRA Group, LLC )
*Defendants* )
 )
 )
 )
 )

LODGED
CLERK, U.S. DISTRICT COURT

DEC - 4 2012

CENTRAL DISTRICT OF CALIFORNIA
BY           DEPUTY

## INTRODUCTION

1. This is an action brought for damages out of violations of the Fair Debt Collection Practices Act ("hereinafter FDCPA") 15 U.S.C. § 1692, et seq., Rosenthal Fair Debt Collection Practice Act, California Civil Code § 1788, et seq. (hereinafter "ROSENTHAL and Telephone Consumer Protection Act Sec. 227., 47 U.S.C. § 227 (b)(1), 47 U.S.C. § 227 (a)(iii), (hereinafter "TCPA").

## PRELIMINARY STATEMENT

2. Plaintiff, Jelyse Langston-Thomas ("Plaintiff") makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, which Plaintiff alleges on personal knowledge.

3. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety. Unless otherwise stated, the conduct engaged in by Defendant took place in Riverside County, California.

4. All actions of the Defendant violations as alleged were carried out knowingly, willfully, and with intent, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

5. The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; it also requires debt collectors to give debtors certain information. 15 U.S.C. § 1692d, 15 U.S.C. § 1692e and 15 U.S.C. § 1692c.

6. The TCPA restricts the making of telephone calls to phones and states "It shall be unlawful for any person within the United States to initiate any telephone call using an artificial or prerecorded voice to deliver a message with the prior express consent of the called party". TCPA 47 U.S.C. § 227 (b)(1)(B).

## JURISDICTION and VENUE

7. This court has Jurisdiction pursuant to 15 U.S.C. § 1692k (d), 28 U.S.C § 1331, 47 U.S.C § 227(b)(3) and 28 U.S.C § 1367, any claim under the state law brought by the Plaintiff are proper under the doctrine of supplemental jurisdiction.

8. Venue is proper pursuant to 28 U.S.C. § 1391(b).

9. The occurrences which give rise to this action occurred in Riverside County, California and Plaintiff resides in Riverside County, California

10. Venue is proper in the Central District of California

///

## PARTIES

11. The Plaintiff in this lawsuit is Jelyse Langston-Thomas (hereinafter "Plaintiff") who at all times relevant herein was a resident of Riverside County, California.

12. The Defendant in this lawsuit is American Agencies, LLC/NRA Group, LLC ("AANG" or "Defendant") who is an unknown entity with offices at 2491 Paxton St., Harrisburg, PA 17111 who transacts business as a debt collector in Riverside County, California.

## STATEMENT OF FACTS

13. Plaintiff is a natural adult person, is a consumer as defined in 15 U.S.C. §1692a (3), a debtor as defined in Cal. Civil Code § 1788.2(h).

14. On information and belief, Defendant is a debt collector as defined in 15 U.S.C. §1692a (6) and a collection agency as defined in Civil Code § 1788.2(c).

15. Plaintiff received multiple phone calls from AANG. Plaintiff's caller ID did not display a name.

16. Plaintiff on numerous occasions attempted to answer her phone to request the caller's identity until she realized that it was an automatic prerecorded call.

17. On October 17, 2011 at 8:37 AM, October 26, 2011 at 6:54, November 7, 2011 at 7:04 PM, November 22, 2011 at 4:22 PM, November 22, 2011 at 7:19 PM On November 22, 2011 at 8:16 PM, November 28, 2011 at 5:29 PM, November 28, 2011 at 8:29 PM, November 28, 2011 at 9:21 PM , November 30, 2011 at 7:36 PM, December 1, 2011 at 11:51 AM, December 1, 2011 at 1:06 PM, December 5, 2011 at 1:06 PM and December 5, 2011 at 2:43 PM Pacific Time, AANG willingly and knowingly used an automatic telephone dialing system to call Plaintiff phone number and Plaintiff

attempted answer her phone, but had to wait a few seconds before hearing a click, then phone disconnected or prerecorded message began.

18. On November 22, 2011, November 28, 2011, December 1, 2011, and December 5, 2011, the calls consisted of recorded messages.

19. On each call to Plaintiff's phone, Defendant asserted a right which it lacks, to wit, the right to enforce a debt.

20. The phone calls to Plaintiff were placed by a machine that dialed the telephone number automatically, without a human hand manually dialing the telephone number, because Plaintiff had to wait a few seconds before hearing a click, then phone disconnected or a message was attempted.

21. The machine that dialed Plaintiff telephone number automatically was equipped to play a prerecorded or artificial message.

22. Plaintiff never gave permission or prior express consent that would allow AANG to call her.

23. Plaintiff has never had an established business relationship, contractual obligation or applied for any types of loan, mortgage, credit card, insurance or employment with AANG.

24. The telephone calls made by the Defendant to the Plaintiff's phone were non-emergency calls.

25. In the process of collection of an alleged obligation by a non debtor, the Defendant erroneously called Plaintiff repeatedly with an automatic telephone dialing system and prerecorded message.

26. The calls just continued and Plaintiff had to constantly stop what she was doing and screen her calls, it was at a point where she turned the ringer off, and let calls go to voicemail.

27. The TCPA, 47 U.S.C. §227(b) prohibits calling cell phones using auto dialers and/or prerecorded messages; so-called "robo-calls." *Sengenberger v. Credit Control Services, Inc.*, 2010 WL 1791270 (N.D.Ill. May 5, 2010) (Zagel, J.).

28. The TCPA is a strict liability statute, and there are no "bona fide error" defense available, *Hicks v. Client Services, Inc.*, 2009 WL 2365637 (S.D.Fla. June 9, 2009) (summary judgment entered in favor of plaintiff).

29. AANG had the authority to control and direct the false and harassing erroneous collection calls of their representative(s), employee(s) and/or agent(s) of a non debtor, but failed to do so.

30. AANG had a duty to properly ascertain if there was a **legitimate** debtor and purpose before harassing Plaintiff by erroneously calling her numerous of time, using automatic telephone dialing system and prerecorded message and AANG willfully breached said duty by failing to do so.

31. The defendant willfully did not attempt any diligent to investigate to see if the number called was verified. Defendant willfully called Plaintiff which they knew or reasonably should have known, was not the true party.

32. Since the Defendant willfully and knowingly placed unlawful calls to the Plaintiff's phone without her prior express consent and without an emergency purpose, as alleged in the complaint, the Plaintiff is entitled to trebled damages. Defendant placed 14 calls; the Plaintiff is entitled to statutory damages, plus trebled.

33. There was no alleged account and/or debt that would allow AANG to make calls to Plaintiff phone.

34. AANG's actions constitute conduct highly offensive to a reasonable person, and as a result of AANG's conduct it violates Plaintiff's rights. AANG conduct makes them liable to Plaintiff for statutory damages, costs, and any attorney's fees.

## COUNT I
## VIOLATION OF THE TCPA U.S.C. 227
### By AANG

35. Plaintiff restates and re-alleges herein all previous paragraphs 1-34.

36. The Defendant has demonstrated willful or knowing non-compliance with 47 U.S.C. § 227(b)(1)(A) by using an automatic telephone dialing system to call the Plaintiff's number 14 (fourteen) times from October 17, 2011 through December 5, 2011. The Plaintiff has never given AANG permission or prior express consent to call her phone.

37. The Defendant in attempt to collect on a erroneous alleged debt not owed by Plaintiff, demonstrated willful and knowing non-compliance of 47 U.S.C. §227 (b)(1)(A), by calling the Plaintiff's number no less than 14 times and using an automatic dialing system and a prerecorded voice message.

38. Plaintiff is entitled to damages of $1,500.00 per violation pursuant to 47 U.S.C. §227 (b)(3), as they were intentional.

39. The Plaintiff and Defendant do not have or ever had an established business relationship within the meaning of 47 U.S.C. § 227. Plaintiff is entitled to damages of $1.500.00 per violation pursuant to 47 U.S.C. §227 (b)(3)(B).

**WHEREFORE,** Plaintiff demands judgment for damages, for actual or statutory damages, and costs, pursuant to 47 U.S.C. §227 (b)(3).

## COUNT II
## VIOLATION OF THE FCDPA 15 U.S.C. § 1692, et seq.
### By AANG

40. Plaintiff restates and re-alleges herein all previous paragraphs 1-39.

41. Defendants are debt collectors as defined in 15 U.S.C. § 1692a (6).

42. Defendant placed no less than 14 telephone calls to the Plaintiff's phone.

43. Defendant knew or should have known that the phone calls made were inconvenient to Plaintiff.

44. Defendant violated 15 U.S.C. §1692c(a)(1) by calling Plaintiff's phone on no less than 14 times, with no prior permission or express consent given by Plaintiff.

45. Such communication is prohibited by 15 U.S.C. §1692c(a)(1).

46. Defendant violated 15 U.S.C. §1692d(5) by calling the Plaintiff no less than 14 times causing the Plaintiff's phone to ring repeatedly and/or continuously with the intent to annoy, abuse, or harass the Plaintiff with no prior permission or express consent given by Plaintiff.

47. This intentional and repeated calling by Defendant has caused the Plaintiff undue stress, nervousness and embarrassment.

48. Defendant violated 15 U.S.C. §1692d(6) by calling the Plaintiff without meaningful disclosure of the caller's identity no less than 14 times and with no prior permission given by Plaintiff.

49. Defendants violated 15 U.S.C § 1692e(10) by use of false and deceptive means to collect or attempt to collect a nonexistent alleged debt or obtain information concerning a consumer.

50. Due to the repeated and continuing violation of the FDCPA, Plaintiff is entitled to actual and/or statutory damages under 15 U.S.C § 1692(k).

  **WHEREFORE,** Plaintiff demands judgment for damages against AANG, for actual and/or statutory, any attorney's fees and cost, pursuant to 15 U.S.C. § 1692(k).

### COUNT III
### VIOLATION OF THE ROSENTHAL CAL. CIVIL CODE § 1788, et seq.
### By AANG

51. Plaintiff restates and re-alleges herein all previous paragraphs 1-50.

52. Pursuant to § 1788.2(C) the Defendants are debt collectors, a person who in the ordinary course of business, regularly, on behalf of himself, herself or others, engages in debt collection.

53. Defendants are subject to the Rosenthal Fair Debt Collection Act Cal. Civil Code § 1788, et seq.

54. Defendant placed no less than 14 telephone calls to the Plaintiff's telephone.

55. Defendant knew or should have known that the phone calls made were inconvenient to Plaintiff.

56. Defendant violated 15 U.S.C. §1692c(a)(1), as incorporated by ROSENTHAL § 1788.17, by calling Plaintiff's phone no less than 14 times, with no prior permission given by Plaintiff.

57. Such communication is prohibited by 15 U.S.C. §1692c(a)(1), as incorporated by ROSENTHAL § 1788.17.

58. Defendant violated 15 U.S.C. §1692d(5), as incorporated by ROSENTHAL § 1788.17, by calling the Plaintiff no less than 14 times causing the Plaintiff's phone to ring repeatedly and/or continuously with the intent to annoy, abuse, or harass the Plaintiff with no prior permission given by Plaintiff.

59. This intentional and repeated calling by Defendant has caused the Plaintiff undue stress, nervousness and embarrassment.

60. Defendant violated 15 U.S.C. §1692d(6), as incorporated by ROSENTHAL § 1788.17, by calling the Plaintiff without meaningful disclosure of the caller's identity no less than 12 times and with no prior permission given by Plaintiff.

61. Defendants violated 15 U.S.C § 1692e(10), as incorporated by ROSENTHAL § 1788.17, by use of false and deceptive means to collect or attempt to collect a nonexistent alleged debt or obtain information concerning a consumer.

62. Defendants violated § 1788.17, et seq. of the ROSENTHAL by continuously failing to comply with the statutory regulations contained within the FDCPA, 15 U.S.C. § 1692, et seq.

**WHEREFORE,** Plaintiff demands judgment against AANG, for actual or statutory damages, any attorney's fees and costs, pursuant to Cal. Civil Code § 1788.30(a), Cal. Civil Code § 1788.30(b).

### DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury of all issues as triable as matter of law.

Date: December 4, 2012

Jelyse Langston-Thomas
14626 Red Gum St.
jplt1913@gmail.com
951-242-7015

# CERTIFICATE OF SERVICE

I, Jelyse Langston-Thomas ("Plaintiff"), do hereby certify that on a copy of the foregoing documents will be sent to Defendant's agent for service of process, and will submit the same to the court of record.

Registered Agent:
American Agencies, LLC
Attn: Tracy Davis
2491 Paxton St.
Harrisburg, PA 17111

*[signature]*
Jelyse Langston-Thomas
14626 Red Gum St.
jplt1913@gmail.com
951-242-7015

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Virginia A. Phillips and the assigned discovery Magistrate Judge is David T. Bristow.

The case number on all documents filed with the Court should read as follows:

**EDCV12- 2127 VAP (DTBx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] Western Division | [ ] Southern Division | [X] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)     NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## Central District of California

| | |
|---|---|
| Jelyse Langston-Thomas <br><br> *Plaintiff* <br><br> v. <br><br> American Agencies, LLC/ <br> NRA Group, LLC <br><br> *Defendant* | ) ) ) ) ) ) ) ) ) <br> Civil Action No. ED12CV2127 VAP(DTBx) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Jelyse Langston-Thomas
   14626 Red Gum St.
   Moreno Valley, CA 92555

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date: 12/7/2012                              _____
                                              *Signature of Clerk or Deputy Clerk*

*[FOR OFFICE USE ONLY stamps overlaid on document]*

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☑)
Jelyse Langston-Thomas

**DEFENDANTS**
American Agencies, LLC/
NRA Group, LLC

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Jelyse Langston-Thomas
14626 Red Gum St.
Moreno Valley, CA 92555

**Attorneys (If Known)**

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:** JURY DEMAND: ☐ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☐ No ☐ **MONEY DEMANDED IN COMPLAINT:** $ 23,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
FDCPA 15 U.S.C. § 1692, et seq., ; Rosenthal Civil Code § 1788, et seq.; TCPA 27., 47 U.S.C. § 227 (b)(1), 47 U.S.C. § 227 (a)(iii)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☑ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | |
| ☐ 810 Selective Service | | ☐ 355 Motor Vehicle Product Liability | | ☐ 610 Agriculture | **PROPERTY RIGHTS** |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | **CIVIL RIGHTS** | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 875 Customer Challenge 12 USC 3410 | | | ☐ 441 Voting | | ☐ 830 Patent |
| | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | | ☐ 443 Housing/Acco- mmodations | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury-Product Liability | ☐ 444 Welfare | | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | | | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | **IMMIGRATION** | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | | ☐ 690 Other | **FEDERAL TAX SUITS** |
| | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**FOR OFFICE USE ONLY:** Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)           CIVIL COVER SHEET     EDCV12- 2127     Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Riverside | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Harrisburg, PA |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: **In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Riverside | |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _/s/_ illegible signature _____  Date December 4, 2012

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |