1  Jeanne L. Zimmer (SBN 123321)
   Zimmerj@cmtlaw.com
2  J. Grace Felipe (SBN 190893)
   Felipeg@cmtlaw.com
3  CARLSON & MESSER LLP
   5959 W. Century Blvd., Suite 1214
4  Los Angeles, CA 90045
   (310) 242-2200 Telephone
5  (310) 242-2222 Facsimile

6  Attorneys for Defendant,
   AMERICAN AGENCIES, LLC a wholly-owned
7  Subsidiary of NRA Group, LLC

8
                UNITED STATES DISTRICT COURT
9
                CENTRAL DISTRICT OF CALIFORNIA
10

11
   Jelyse Langston-Thomas,            ) CASE NO.  5:12-cv-02127-VAP-DTB
12                                    )
              Plaintiff,              )
13                                    ) **ANSWER TO COMPLAINT AND**
        vs.                           ) **DEMAND FOR JURY TRIAL**
14                                    )
   American Agencies, LLC/ NRA        )
15 Group, LLC,                        )
                                      )
16            Defendants.             )
                                      )
17 ─────────────────────────

18              **ANSWER TO COMPLAINT**

19

20    Defendant, AMERICAN AGENCIES, LLC a wholly-owed subsidiary of NRA

21 GROUP, LLC (hereinafter "Defendant") hereby answers the Complaint of Plaintiff

22 JELYSE LANGSTON-THOMAS ("Plaintiff") as follows:

23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

                              1

## INTRODUCTION

1.  In answering Paragraph 1 of Plaintiff's Complaint, Defendant admits that Plaintiff has brought an action asserting claims under the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1692, *et seq.;* the Rosenthal Fair Debt Collection Practice Act (the "Rosenthal Act") California *Civil Code* § 1788; and the Telephone Consumer Protection Act ("TCPA") 47 U.S.C. § 227(B)(1), 47 U.S.C. § 227(A)(III); however, Defendant denies any violation thereof or wrongdoing whatsoever.

## PRELIMINARY STATEMENT

2.  Defendant asserts that the statements contained in Paragraph 2 of Plaintiff's Complaint makes no affirmative allegations against Defendant, and therefore; no response from Defendant is required. To the extent that a response is required, Defendant lacks sufficient knowledge to admit or deny the allegations contained therein, and therefore; Defendant denies the same at the present time.

3.  Defendant lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 3 of Plaintiff's Complaint, and therefore, denies the same at the present time.

4.  Defendant denies the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5.  Defendant asserts that the statements contained in Paragraph 5 of Plaintiff's Complaint makes no affirmative allegations against Defendant, and therefore; no response from Defendant is required. Defendant further asserts that the FDCPA speaks for itself. To the extent that a response is required, Defendant lacks sufficient knowledge to admit or deny the allegations contained therein, and therefore; Defendant denies the same at the present time.

/ / /
/ / /
/ / /

6. Defendant asserts that the statements contained in Paragraph 6 of Plaintiff's Complaint makes no affirmative allegations against Defendant, and therefore; no response from Defendant is required. Defendant further asserts that the TCPA speaks for itself. To the extent that a response is required, Defendant lacks sufficient knowledge to admit or deny the allegations contained therein, and therefore; Defendant denies the same at the present time.

## JURISDICTION and VENUE

7. Defendant admits that the court has jurisdiction over Plaintiff's claims based on federal law, however; Defendant denies that Plaintiff has a valid claim against Defendant. Except as specifically admitted herein, Defendant denies the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8. Defendant denies the allegation in Paragraph 8 of Plaintiff's Complaint as it constitutes a legal conclusion.

9. Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 9 of Plaintiff's Complaint, and therefore, denies the same at the present time.

10. Defendant denies the allegation in Paragraph 10 of Plaintiff's Complaint as it constitutes a legal conclusion.

## PARTIES

11. In answering Paragraph 11 of Plaintiff's Complaint, Defendant admits that Plaintiff is Jelyse Langston-Thomas. Defendant lacks sufficient knowledge to admit or deny the remaining allegations in Paragraph 11 of Plaintiff's Complaint, and therefore, denies the same at the present time.

12. Defendant admits that it has office with an address as listed in Paragraph 12 of Plaintiff's Complaint. Except as specifically admitted herein, Defendant denies the allegations contained in Paragraph 12 of the Complaint.

///

## STATEMENT OF FACTS

13. In answering Paragraph 13 of Plaintiff's Complaint, Defendant admits Plaintiff is a natural person. Defendant denies it attempted to collect a debt from Plaintiff and on that basis, Defendant denies that Plaintiff is a consumer or debtor as those terms are defined by the FDCPA or the Rosenthal Act.

14. In answering Paragraph 14 of Plaintiff's Complaint, Defendant admits that in certain circumstances it may be considered a "debt collector" under the FDCPA and the Rosenthal Act. However, Defendant denies it attempted to collect a debt from Plaintiff and on that basis, Defendant denies it is a debt collector in this case.

15. In answering Paragraph 15 of Plaintiff's Complaint, Defendant denies it contacted Plaintiff in an attempt to collect a debt from Plaintiff. Defendant further lacks sufficient knowledge to admit or deny the remaining allegations in Paragraph 15 of Plaintiff's Complaint, and therefore, denies the same at the present time.

16. Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 16 of Plaintiff's Complaint, and therefore, denies the same at the present time.

17. In answering Paragraph 17 of Plaintiff's Complaint, Defendant denies it contacted Plaintiff in an attempt to collect a debt from Plaintiff. Defendant further lacks sufficient knowledge to admit or deny the remaining allegations in Paragraph 17 of Plaintiff's Complaint, and therefore, denies the same at the present time.

18. In answering Paragraph 18 of Plaintiff's Complaint, Defendant denies it contacted Plaintiff in an attempt to collect a debt from Plaintiff. Defendant further lacks sufficient knowledge to admit or deny the remaining allegations in Paragraph 18 of Plaintiff's Complaint, and therefore, denies the same at the present time.

19. In answering Paragraph 19 of Plaintiff's Complaint, Defendant denies it contacted Plaintiff in an attempt to collect a debt from Plaintiff.

///

///

20. In answering Paragraph 20 of Plaintiff's Complaint, Defendant denies it contacted Plaintiff in an attempt to collect a debt from Plaintiff. Defendant further lacks sufficient knowledge to admit or deny the remaining allegations in Paragraph 20 of Plaintiff's Complaint, and therefore, denies the same at the present time.

21. In answering Paragraph 21 of Plaintiff's Complaint, Defendant denies it contacted Plaintiff in an attempt to collect a debt from Plaintiff. Defendant further lacks sufficient knowledge to admit or deny the remaining allegations in Paragraph 21 of Plaintiff's Complaint, and therefore, denies the same at the present time.

22. In answering Paragraph 22 of Plaintiff's Complaint, Defendant admits that it had permission or prior express consent to contact the telephone number which is the subject of Plaintiff's Complaint by a person Defendant believed was authorized to do so. Defendant further denies it contacted Plaintiff in an attempt to collect a debt from Plaintiff. Except as specifically admitted herein, Defendant denies the allegations in Paragraph 22 of Plaintiff's Complaint.

23. Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 23 of Plaintiff's Complaint, and therefore, denies the same at the present time.

24. In answering Paragraph 24 of Plaintiff's Complaint, Defendant admits that the calls placed to the telephone number which is the subject of Plaintiff's Complaint were non-emergency calls, however; Defendant denies it contacted Plaintiff in an attempt to collect a debt from Plaintiff.

25. In answering Paragraph 25 of Plaintiff's Complaint, Defendant admits that it called the telephone number which is the subject of Plaintiff's Complaint in an attempt to collect a financial obligation from a third-party. Defendant further lacks sufficient knowledge to admit or deny the remaining allegations in Paragraph 25 of Plaintiff's Complaint, and therefore, denies the same at the present time.

///

///

ANSWER TO COMPLAINT
CASE NO. 5:12-cv-02127-VAP-DTB

26. Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 26 of Plaintiff's Complaint, and therefore, denies the same at the present time.

27. Defendant asserts that the allegations in Paragraph 27 Plaintiff's Complaint makes no affirmative allegations against Defendant, and therefore; no response from Defendant is required. Defendant further asserts that the TCPA speaks for itself. To the extent that a response is required, Defendant lacks sufficient knowledge to admit or deny the allegations contained therein, and therefore; Defendant denies the same at the present time.

28. Defendant asserts that the allegations in Paragraph 28 of Plaintiff's Complaint makes no affirmative allegations against Defendant, and therefore; no response from Defendant is required. Defendant further asserts that the TCPA speaks for itself. To the extent that a response is required, Defendant lacks sufficient knowledge to admit or deny the allegations contained therein, and therefore; Defendant denies the same at the present time.

29. Defendant denies the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30. Defendant denies the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31. Defendant denies the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32. Defendant denies the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33. Defendant denies the allegations contained in Paragraph 33 of Plaintiff's Complaint.

34. Defendant denies the allegations contained in Paragraph 34 of Plaintiff's Complaint.

/ / /

## COUNT I

## VIOLATION OF THE TCPA U.S.C. 227

### By AANG

35. Defendant incorporates by reference its responses to Paragraphs 1 through 34, above as if set forth herein.

36. Defendant denies the allegations contained in Paragraph 36 of Plaintiff's Complaint.

37. Defendant denies the allegations contained in Paragraph 37 of Plaintiff's Complaint.

38. Defendant denies the allegations contained in Paragraph 38 of Plaintiff's Complaint.

39. Defendant denies the allegations contained in Paragraph 39 of Plaintiff's Complaint as they constitute a legal conclusion. Defendant further denies that Plaintiff is entitled to a judgment in her favor, and Defendant further denies that Plaintiff is entitled to recover any relief whatsoever under the TCPA.

## COUNT II

## VIOLATION OF THE FCDPA 15 U.S.C. § 1692, *et seq.*.

### By AANG

40. Defendant incorporates by reference its responses to Paragraphs 1 through 39, above as if set forth herein.

41. In answering Paragraph 41 of Plaintiff's Complaint, Defendant admits that in certain circumstances it may be considered a "debt collector" as that term is defined under the FDCPA. However, Defendant denies it attempted to collect a debt from Plaintiff and on that basis, Defendant denies it is a debt collector in this case.

42. Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 42 of Plaintiff's Complaint, and therefore, denies the same at the present time.

1  43. Defendant denies the allegations contained in Paragraph 43 of Plaintiff's Complaint.

3  44. Defendant denies the allegations contained in Paragraph 44 of Plaintiff's Complaint.

5  45. Defendant denies the allegations contained in Paragraph 45 of Plaintiff's Complaint.

7  46. Defendant denies the allegations contained in Paragraph 46 of Plaintiff's Complaint.

9  47. Defendant denies the allegations contained in Paragraph 47 of Plaintiff's Complaint.

11  48. Defendant denies the allegations contained in Paragraph 48 of Plaintiff's Complaint.

13  49. Defendant denies the allegations contained in Paragraph 49 of Plaintiff's Complaint.

15  50. Defendant denies the allegations contained in Paragraph 50 and Defendant further denies that Plaintiff is entitled to recover any relief whatsoever under the TCPA

## COUNT III
### VIOLATION OF THE ROSENTHAL CAL. *CIVIL CODE* § 1788, *et seq.*
### By AANG

51. Defendant incorporates by reference its responses to Paragraphs 1 through 50, above as if set forth herein.

52. In answering Paragraph 52 of Plaintiff's Complaint, Defendant admits that in certain circumstances it may be considered a "debt collector" as that term is defined under the Rosenthal Act. However, Defendant denies it attempted to collect a debt from Plaintiff and on that basis, Defendant denies it is a debt collector in this case.

53. Defendant denies the allegations contained in Paragraph 53 of Plaintiff's Complaint as they constitute a legal conclusion.

54. Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 54 of Plaintiff's Complaint, and therefore, denies the same at the present time.

55. Defendant denies the allegations contained in Paragraph 55 of Plaintiff's Complaint.

56. Defendant denies the allegations contained in Paragraph 56 of Plaintiff's Complaint.

57. Defendant denies the allegations contained in Paragraph 57 of Plaintiff's Complaint as they constitute a legal conclusion.

58. Defendant denies the allegations contained in Paragraph 58 of Plaintiff's Complaint as they constitute a legal conclusion.

59. Defendant denies the allegations contained in Paragraph 59 of Plaintiff's Complaint.

60. Defendant denies the allegations contained in Paragraph 60 of Plaintiff's Complaint.

61. Defendant denies the allegations contained in Paragraph 61 of Plaintiff's Complaint.

62. Defendant denies the allegations contained in Paragraph 62 of Plaintiff's Complaint. Defendant further denies that Plaintiff is entitled to a judgment in her favor, and Defendant further denies that Plaintiff is entitled to recover any relief whatsoever under the Rosenthal Act.

## AFFIRMATIVE DEFENSES
## FIRST AFFIRMATIVE DEFENSE
### (Failure to State Cause of Action)

1. Plaintiff's Complaint, and each cause of action contained therein, fails to state facts sufficient to constitute a valid cause of action against Defendant.

///

## SECOND AFFIRMATIVE DEFENSE
### (Statute of Limitations)

2. Defendant is informed and believes and based thereon alleges that Plaintiff's Complaint, and each cause of action contained therein, or portions thereof, is barred by the applicable statutes of limitations.

## THIRD AFFIRMATIVE DEFENSE
### (Compliance with Statute)

3. The conduct of Defendant at all times complied with all applicable statutes, regulations and laws; accordingly, the Complaint and each purported cause of action alleged therein against Defendant is barred.

## FOURTH AFFIRMATIVE DEFENSE
### (Actions Were Proper)

4. As a separate, affirmative defense, Defendant alleges that the alleged actions of Defendant were proper and did not violate any provisions of 15 U.S.C. § 1692, *et. seq.* or *Civil Code* § 1788, *et seq.*

## FIFTH AFFIRMATIVE DEFENSE
### (No Intentional or Reckless Conduct)

5. As a separate, affirmative defense, Defendant contends that it did not engage in any conduct that was outrageous, intentional and malicious or done with reckless disregard with respect to Plaintiff. Defendant also alleges that it never engaged in any knowing, willful or fraudulent conduct with respect to Plaintiff.

## SIXTH AFFIRMATIVE DEFENSE
### (Mitigation of Damages)

6. Plaintiff is not entitled to recover any damages, or any recovery awarded should be reduced by the amount of damages which reasonably could have been avoided, because Plaintiff failed to take reasonable steps to mitigate her damages with respect to the matters alleged in the Complaint.

///

## SEVENTH AFFIRMATIVE DEFENSE
### (Bona Fide Error)

7. As a separate, affirmative defense, assuming *arguendo* that this Defendant violated a statute alleged in the Complaint, which presupposition the Defendant denies, such violation was not intentional and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

## EIGHTH AFFIRMATIVE DEFENSE
### (Maintained Reasonable FDCPA Procedures)

8. As a separate, affirmative defense, Defendant alleges that at all times alleged in Plaintiff's Complaint, Defendant maintained reasonable procedures created to prevent any type of intentional or negligent violations of the FDCPA.

## NINTH AFFIRMATIVE DEFENSE
### (FDCPA damages are limited)

9. As a separate, affirmative defense, Defendant alleges that if Plaintiff was damaged in any sum or sums alleged, which Defendant denies, then Plaintiff's damages are limited by 15 U.S.C. § 1692k(a)(1), § 1692k(a)(2)(A), § 1692k(a)(3) and 15 U.S.C. § 1692k(b)(1).

## TENTH AFFIRMATIVE DEFENSE
### (Lack of Specificity of When Action Accrued)

10. As a separate, affirmative defense, Defendant alleges Plaintiff has not properly alleged the dates of accrual of her cause of action.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Maintained Reasonable Rosenthal Act Procedures)

11. As a separate, affirmative defense, Defendant alleges that at all times alleged in Plaintiff's Complaint, Defendant maintained reasonable procedures created to prevent any type of intentional or negligent violations of the Rosenthal Act.

## TWELFTH AFFIRMATIVE DEFENSE

### (Rosenthal Act damages are limited)

12. As a separate, affirmative defense, Defendant alleges that if Plaintiff was damaged in any sum or sums alleged, which Defendant denies, then Plaintiff's damages are limited by *Civil Code* §§ 1788.30 and 1788.32

## THIRTEENTH AFFIRMATIVE DEFENSE

### (TCPA does not apply to debt collection)

13. As a separate, affirmative defense, Defendant asserts that the TCPA was intended to restrict telemarketers, not those actively engaged in the collection of debt, and enforcement of statutory damages under the TCPA against Defendant without prior notice would constitute imposition of unexpected, unfair, excessive, punitive, unlawful and constitutional damages.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Prior Express or Implied Consent)

14. As a separate, affirmative defense, Defendant asserts that it had consent to call the phone numbers at issue, either via prior express consent or implied consent.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (No ATDS)

15. As a separate, affirmative defense, Defendant asserts that any alleged calls by Defendant to Plaintiff or the putative class were not made by an automatic telephone dialing system.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Existing Business Relationship)

16. As a separate, affirmative defense, Defendant assert any calls to Plaintiff or her putative class were made pursuant to an existing business relationship.

/ / /

07385.00:191285

ANSWER TO COMPLAINT
CASE NO. 5:12-cv-02127-VAP-DTB

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Commercial Call That Did Not Adversely Privacy Rights)

17. As a separate, affirmative defense, Defendant asserts that any calls to Plaintiff or her putative class were commercial calls that do not adversely affect privacy rights and/or did not transmit an unsolicited advertisement.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Debt Collection Calls Are Exclusive Province of FDCPA)

18. As a separate, affirmative defense, Defendant asserts that debt collection calls are under the exclusive province of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq.

## NINETEENTH AFFIRMATIVE DEFENSE
### (No Attorney's fees)

19. As a separate, affirmative defense, Defendants assert that the TCPA does not provide for attorney's fees and that Plaintiff is not entitled to attorney's fees pursuant to either *Code of Civil Procedure* section 1021.5 or application of the equitable "common fund" or "substantial benefit doctrines.

## TWENTIETH AFFIRMATIVE DEFENSE
### (Exemption for Landlines)

20. As a separate, affirmative defense, Defendants assert that the TCPA does not apply because the telephone number which is the subject of Plaintiff's Complaint is not a telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call pursuant to 47 U.S.C. § 227 (b)(1)(A)(iii).

/ / /
/ / /
/ / /
/ / /

### TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Defendant May Recover for Plaintiff's Bad Faith Claim)

21. Plaintiff's Complaint and each purported cause of action alleged therein against Defendant were not brought in good faith and are frivolous. Therefore, the relief requested is precluded and Defendant is entitled to recover its reasonable expenses, including attorneys' fees, incurred herein as a matter of law pursuant to this Court's inherent authority pursuant to *California Code of Civil Procedure* sections 128.5 and 128.7, and pursuant to the California Rosenthal Act.

### TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Reservation of Rights)

22. Defendant reserves the right to amend its Answer and claims herein by adding additional parties, affirmative defenses, counterclaims, cross-claims, and/or third party claims, as additional investigation, discovery or circumstances warrant.

### DEFENDANT'S PRAYER FOR RELIEF

WHEREFORE, Defendant prays that Plaintiff's Complaint be dismissed with prejudice, for its attorneys' fees and costs incurred herein, and for such further relief as the Court deems just and equitable.

### DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Defendant, AMERICAN AGENCIES, LLC a wholly-owned Subsidiary of NRA Group, LLC demands a jury trial in this case.

DATED: January 25, 2013          CARLSON & MESSER LLP

By   /s/ J. Grace Felipe
Jeanne L. Zimmer
J. Grace Felipe
Attorneys for Defendant,
AMERICAN AGENCIES, LLC a wholly-owned Subsidiary of NRA Group, LLC

14